OPINION
{¶ 1} This is an appeal from the judgment of the Van Wert Common Pleas Court which awarded Plaintiff-appellee, Peter Yeung (Yeung), $6,518.02 for remodeling and repair work done at the residence of Defendant-appellants, Robert and Virginia Neumeier (Neumeiers).
 {¶ 2} Between 1997 and 1998, Yeung contracted to perform several home improvements for the Neumeiers, including remodeling two bathrooms, painting several rooms, staining and installing molding throughout the house, installing the front door, and designing and pouring concrete steps and sidewalks. The Neumeiers were to pay for materials. For performing these jobs, Yeung charged the Neumeiers $13,543.02. The Neumeiers gave Yeung one payment of $750. However, upon inspection of Yeung's work, the Neumeiers found the work unfinished and unacceptable and refused to pay Yeung any further money.
 {¶ 3} On January 10, 2000, Yeung filed a complaint against the Neumeiers for $13,543.02. On February 8, 2000, the Neumeiers denied that they owed Yeung any money because the work was not satisfactorily completed. On May 1, 2001, the Neumeiers filed a counterclaim against Yeung for $10,500 to pay for repairs to the work that Yeung had failed to complete in a workmanlike manner.
 {¶ 4} A bench trial was held, and on March 12, 2002, the trial court filed a judgment entry which awarded Yeung the contract price of $13,543.02 less $6,275.00 for repairs and less the $750 already paid to Yeung by the Neumeiers.
 {¶ 5} The Neumeiers now appeals asserting four assignments of error, which will be discussed, out of order. The third assignment of error asserts: "THE COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO DISMISS."
 {¶ 6} The Neumeiers argue that Yeung's complaint should have been dismissed because he did not attach a sufficient account to his complaint pursuant to Civ.R.10(D). Civ.R. 10(D) provides "When any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading * * *." The proper procedure for curing an insufficient attachment to a pleading would be for the defendant to file a motion for a more definite statement under Civ.R. 12(E) not a Civ.R. 12(B)(6) motion. See Pyle v. Hamm (Sept. 14, 1990) Highland App. No. 745 at *3; Point Rental Co. v. Posani, (1976), 52 Ohio App.2d 183. "A defendant who fails to file a Civ.R.12(E) motion before filing his answer has been held to have waived his right to assert Civ.R.10(D) as a basis for dismissing the plaintiff's complaint." Lorain Music Co. v. Eidt
(Nov. 21, 2000), Crawford App. No. 3-2000-17 at *2, quoting GlenwoodHomes, Ltd. v. State Auto Mutual Ins. Co. (Oct. 1, 1998), Cuyahoga App. No. 72856 at *5.
 {¶ 7} In this case, the Neumeiers failed to file a motion for a more definite statement pursuant to Civ.R.12(E) before filing an answer. In fact, the Neumiers never filed such a motion. Consequently, the trial court did not err in denying the Neumeiers' motion to dismiss and the Neumeiers third assignment of error is overruled.
 {¶ 8} The second assignment of error asserts, "(2) THE COURT ERRED IN FINDING [SIC] [THAT] THE DEFENDANT'S FAILED TO AVOID DAMAGES OR OTHERWISE FAILED TO MITIGATE."
 {¶ 9} In Ohio, mitigation is an affirmative defense. Young v.Franks Nursery Crafts, Inc. (1991), 58 Ohio St.3d 242, 244. The Ohio Supreme Court in Jim's Steakhouse, Inc. v. Cleveland (1998),81 Ohio St.3d 18 provides for waiver of a an affirmative defense if it is not raised in a pleading or an amended pleading. See Civ.R.8. The Neumeiers claim that Yeung did not assert failure to mitigate as an affirmative defense in the pleadings and therefore waived the issue pursuant to Civ.R. 8(C). In this case, Yeung asserted in the answer to the counterclaim that the Neumeiers never complained about the quality of his work at anytime during his employ with the Neumeiers, which we find is sufficient to assert a general defense of failure to mitigate. Furthermore, it appears from the judgment entry that mitigation was merely one factor which the trial court considered in allocating the award as it did not enumerate which if any jobs were entitled to be paid for by the Neumeiers on the basis that they failed to mitigate. Consequently, the Neumeier's second assignment of error is overruled.
 {¶ 10} Assignment's of error one and four assert: (1) THE COURT ERRED IN APPLYING THE MEASURE OF DAMAGES. (4) THE COURT ERRED BECAUSE THE DECISION OF THE COURT IS AGAINST THE WEIGHT OF THE EVIDENCE. THIS INCLUDES FINDING THAT THE APPELLANT'S ESTIMATES WERE PRESENTED BEFORE THE WORK AND THAT ESTIMATES WERE ACCEPTED BY THE APPELLANTS; AND IN FINDING THE APPELLANTS NEVER COMPLAINED OF THE QUALITY OF THE PLAINTIFF'S WORK; AND, IN FINDING THE PLAINTIFF SUBSTANTIALLLY PERFORMED IN A WORKMANLIKE MANNER THE 12 SEPARATE JOBS WITH THE EXCEPTION OF THE CEMENT SIDEWALK AND THE STAINING OF THE WOODWORK AND SUCH HOLDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND FINDING THAT ONLY SOME OF THE WORK WAS CLEARLY NOT PERFORMED IN A WORKMANLIKE MANNER. THE COURT ALSO ERRED IN ITS JUDGMENT ENTRY AND FINDINGS IN THAT THEY ARE DEFICIENT.
 {¶ 11} A trial court is in the best position to weigh credibility as it has the opportunity to hear the testimony and observe the demeanor of the witnesses. Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80. Thus, a judgment will not be reversed by a reviewing court as being against the manifest weight of the evidence if it is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, 280.
 {¶ 12} In a home improvement case, once a contractor substantially performs its obligations under the contract, the contractor's breach of a term of the contract will not relieve the homeowner's obligation to pay. See Fitzpatrick v. Yeauger (July 9, 1998), Lawrence App. No. 97CA35 at *4. Moreover, "if plaintiff proves that it substantially performed the home improvements required under the contract to a reasonable person's satisfaction, the burden of proving defendants' damages, the repair costs, would be placed upon defendants. If the defendants prove damages then this cost would be deducted from any amount that plaintiff would be otherwise entitled to recover, that is, the contract price less cost of completion if any." Thermal Master, Inc. v. Greenhill (Sept.29, 1987) Franklin App. No. 86 AP-745 at *4, citing Creith Lumber v. Cummins
(1955), 163 Ohio St. 264.
 {¶ 13} In this case, the notable evidence is as follows: Yeung testified as to the jobs which he completed and now demands payment; Yeung also testified as to the jobs which he did not perform and which the Neumeiers have included in their cost of repair. The record also reveals that the Neumeiers testified that portions of work were performed by Yeung, which Yeung disputes performing. Yeung testified that the Neumeiers never complained about the quality of his work while he was working for them. Yeung also submitted the estimates which he uses as invoices for each job for which he asserts payment. The Neumeiers testified as to their dissatisfaction of the work performed by Yeung and also regarding the billing by Yeung for two jobs he did not perform at all. No evidence was introduced at trial, other than the Neumeier's assertion, that proved that Yeung did not work at all on two of the twelve jobs. Photographs were submitted by the Neumeiers of the work that they assert was completed by Yeung, and the Neumeiers also testified that they told Yeung they were not satisfied with his work while he was still performing jobs in their home.
 {¶ 14} John Smith, a self-employed contractor, testified as to the unacceptable quality of the projects identified by the Neumeiers as Yeung's work, however, Smith's evaluations were made two years after Yeung performed any work at the Neumeiers' residence. Scott Russell, a self-employed home improvement contractor, testified regarding the unacceptable quality of work on projects identified by the Neumeier's as Yeung's work and the cost to make any repairs, however, Russell's estimates were made three years after Yeung performed any work for the Neumeiers. Finally, the estimates made by Russell for repairs valued at $13,923.00 were introduced at trial.
 {¶ 15} Finding that Yeung substantially performed ten of the twelve jobs, that the Neumeiers had already paid Yeung $750 and that the cost of repair for any defect was $6,275, the trial court awarded Yeung $6,518.02. Upon a review of the record, taking into account the trial court's discretion to determine the credibility of the witnesses and also taking into consideration the adjustments made for any substandard work performed by Yeung, we find there is competent, credible evidence in the record to support the trial court's finding that the Neumeiers owed Yeung $6,518 for the work done on to their residence. Furthermore, the trial court's findings of fact and conclusions of law were sufficient to put the Neumeiers on notice as to the reasons for the trial court's decision. Consequently, assignments of error one and four are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT and HADLEY, JJ., concur.